JEFFERSON B. SESSIONS III
Attorney General
JOHN M. GORE
Acting Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
AUDREY M. YAP
Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    950 Pennsylvania Ave. NW – NWB
    Washington, D.C. 20530
    Telephone: (202) 514-4713
    Facsimile: (202) 514-1116
    Email: audrey.yap@usdoj.gov
SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Chief, Civil Division
JOANNA HULL (CA State Bar No. 227153)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805
    Facsimile: (213) 894-7819
    E-mail: matthew.nickell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES and WILSHIRE COMMERCIAL CAPITAL, LLC d/b/a WILSHIRE CONSUMER CREDIT, <br><br> Defendants. | Case No. 2:17-07125 <br><br> **COMPLAINT** |

# COMPLAINT

Plaintiff, the United States of America ("United States"), alleges as follows:

## INTRODUCTION

1. The United States brings this action under the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3901, *et seq.*, against Westlake Services, LLC d/b/a Westlake Financial Services and Wilshire Commercial Capital, LLC d/b/a Wilshire Consumer Credit (collectively referred to as "Defendants") for repossessing motor vehicles owned by protected servicemembers without court orders. From October 21, 2011 to October 21, 2016, Westlake Services, LLC d/b/a Westlake Financial Services repossessed at least 66 vehicles in violation of 50 U.S.C. § 3952(a) and Wilshire Commercial Capital, LLC d/b/a Wilshire Consumer Credit repossessed at least four vehicles in violation of 50 U.S.C. § 3953(c).

2. The purpose of the SCRA is to provide servicemembers with protections against certain civil proceedings that could adversely affect their legal rights while they are in military service. Section 3952 of the SCRA requires that a court review and approve a lender's repossession of any motor vehicle owned by a servicemember if the servicemember took out the loan and made a deposit or an installment payment before entering military service. The court may delay the repossession or condition the repossession on the refunding of all or part of the prior installments or deposits made by the servicemember. The court may also appoint an attorney to represent the servicemember, require the lender to post a bond with the court and issue any other orders it deems necessary to protect the servicemember's rights.

3. Additionally, Section 3953 of the SCRA provides that a sale, foreclosure, or seizure of property for a breach of an obligation on real or personal property owned by a servicemember that originated before the period of the servicemember's military service and that is secured by a mortgage, trust deed or other security in the nature of a mortgage shall not be valid if made during, or within one year after, the period of the servicemember's military service, except upon a court order granted before such sale,

foreclosure or seizure. This provision also specifies that the court may stay the proceedings to enforce the obligation or adjust the obligation if the servicemember's ability to comply with the obligation is materially affected by his or her military service.

4. A lender's failure to obtain a court order before repossessing a covered servicemember's motor vehicle violates that servicemember's federally protected right to request a court to order repayment to the servicemember of all or part of the prior installments or deposits, stay the proceedings for a period of time as justice and equity require, or make any other equitable disposition to preserve the interests of all parties.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 50 U.S.C. § 4041.

6. Defendant Westlake Services, LLC d/b/a Westlake Financial Services (hereinafter referred to as "Westlake") is a California limited liability company with its headquarters located at 4751 Wilshire Boulevard, Los Angeles, California, in the Central District of California.

7. Defendant Wilshire Commercial Capital, LLC d/b/a Wilshire Consumer Credit (hereinafter referred to as "Wilshire") is a California limited liability company with its headquarters located at 4751 Wilshire Boulevard, Los Angeles, California, in the Central District of California. Wilshire is a wholly-owned subsidiary of Westlake.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the Defendants are headquartered and conduct business in the Central District of California.

## DEFENDANTS

9. Westlake is an indirect auto financing company that specializes in purchasing and servicing subprime and near-subprime auto loans. Westlake provides indirect financing and servicing of retail installment sales contracts ("RISC") for motor vehicles.

10. Wilshire extends auto title loans directly to consumers, largely via the internet, and services those loans.

11. Westlake and Wilshire specifically target servicemembers, including junior enlisted servicemembers, as customers for their subprime and near-subprime loan products.

## DEFENDANTS' UNLAWFUL REPOSSESSION PRACTICES

12. On July 11, 2016, the Consumer Financial Protection Bureau, through its Office of Servicemember Affairs, notified the Department of Justice that it had received a complaint that the Defendants were conducting motor vehicle repossessions in violation of the SCRA.

13. On October 21, 2016, the Department of Justice (the "Department") notified the Defendants that it was opening an investigation into their motor vehicle loan servicing policies, practices, and procedures. The Department's investigation included reviewing data on all of Defendants' motor vehicle repossessions between October 21, 2011 and October 21, 2016.

14. From October 21, 2011 through October 21, 2016, Defendants initiated and completed at least 70 repossessions, without court orders, of motor vehicles owned by SCRA-protected servicemembers.

15. The Department of Defense provides lenders, and others seeking to comply with the SCRA, an automated database run by the Defense Manpower Data Center ("DMDC database"), to check whether their customers are SCRA-protected servicemembers.

16. Defendants' policies required them to use the DMDC database to confirm a servicemember's military status prior to granting a request for an interest rate reduction under 50 U.S.C. § 3937.

17. Nevertheless, Defendants' policies did not require them to check the DMDC database prior to repossessing vehicles without court orders.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

18. The SCRA provides that "[a]fter a servicemember enters military service, a contract by [a] servicemember for . . . the purchase of real or personal property (including a motor vehicle)" and "for which a deposit or installment has been paid by the servicemember before the servicemember enters military service," "may not be rescinded or terminated for a breach of terms of the contract . . . nor may the property be repossessed for such breach without a court order." 50 U.S.C. § 3952(a).

19. The SCRA also provides that "[a] sale, foreclosure, or seizure of property for a breach of an obligation" on "real or personal property owned by a servicemember that . . . originated before the period of the servicemember's military service and for which the servicemember is still obligated . . . secured by a mortgage, trust deed or other security in the nature of a mortgage . . . shall not be valid if made during, or within one year after, the period of the servicemember's military service, except . . . upon a court order granted before such sale, foreclosure or seizure . . . [or] if made pursuant to an agreement as provided in section 3918 of this title." 50 U.S.C. § 3953.

20. Further, the SCRA provides that "[a] member of a reserve component who is ordered to report for military service" is entitled to the rights and protections granted under sections 3952 and 3953 "during the period beginning on the date of the member's receipt of the order and ending on the date on which the member reports for military service (or, if the order is revoked before the member so reports, on the date on which the order is revoked)." 50 U.S.C. § 3917(a).

### Violations of 50 U.S.C. § 3952(a)(1)

21. From October 21, 2011 through October 21, 2016, Westlake initiated at least 66 repossessions of motor vehicles, without court orders, for breach of the terms of installment contracts for purchase.

22. The motor vehicles repossessed by Westlake were owned by servicemembers while they were in military service, as defined by 50 U.S.C. § 3911(2), or after they had received orders to report for military service.

23. The servicemembers who owned the vehicles repossessed by Westlake made at least one deposit or installment payment before they entered military service, as defined by 50 U.S.C § 3911(2).

24. Westlake engaged in a pattern or practice of violating Section 3952(a)(1) of the SCRA by repossessing the motor vehicles of SCRA-protected servicemembers without court orders. 50 U.S.C. § 3952(a)(1).

25. Westlake's violations of Section 3952(a)(1) of the SCRA raise issues of significant public importance.

26. The servicemembers whose motor vehicles were repossessed by Westlake without court orders in violation of the SCRA are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Westlake's conduct.

27. Westlake's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

**Violations of 50 U.S.C. § 3953(c)**

28. From October 21, 2011 through October 21, 2016, Wilshire initiated at least four repossessions of motor vehicles, without court orders, for breach of the terms of a vehicle title loan.

29. The motor vehicles repossessed by Wilshire were owned by servicemembers who were in, or within one year of being in, military service as defined by 50 U.S.C. § 3911(2).

30. The vehicle title loans were obligations on personal property that originated before the periods of the servicemembers' military service and were secured by securities in the nature of a mortgage.

31. Wilshire engaged in a pattern or practice of violating Section 3953(c) of the SCRA by seizing the motor vehicles of SCRA-protected servicemembers without court orders. 50 U.S.C. § 3953(c)

32. Wilshire's violations of Section 3953(c) of the SCRA raise issues of significant public importance.

6

33. The servicemembers whose motor vehicles were seized by Wilshire without court orders in violation of the SCRA are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Westlake's conduct.

34. Wilshire's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendants' conduct violated the SCRA;

2. Enjoins Defendants, their agents, employees, and successors, and all other persons and entities in active concert or participation with them, with respect to any financial products serviced by them, from:

    a. repossessing the motor vehicles of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3952;

    b. seizing the personal property of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3953;

    c. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendants' illegal conduct to the position he or she would have been in but for that illegal conduct; and

    d. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' illegal conduct;

3. Awards appropriate monetary damages to each identifiable victim of Defendants' violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2); and

4. Assesses civil penalties against Defendants in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

//

//

The United States prays for such additional relief as the interests of justice may require.

Dated: September 27, 2017

JEFFERSON B. SESSIONS III
Attorney General

/s/ John M. Gore
JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

SANDRA R. BROWN
Acting United States Attorney
Central District of California

/s/ Sameena Shina Majeed
SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Division

DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

/s/ Joanna Hull
JOANNA HULL
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Elizabeth A. Singer
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program

/s/ Matthew Nickell
MATTHEW NICKELL
Assistant United States Attorney
Civil Rights Section, Civil Division

/s/ Audrey M. Yap
AUDREY M. YAP
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section